THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS E. BAKER and VERNELL F. BAKER, husband and wife; HARD ROCK TRUCKING, INC., a Washington State Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CLALLAM COUNTY, a Political Subdivision of the State of Washington; JEFFERSON COUNTY, a Political Subdivision of the State of Washington; JOHN PRENTISS, Clallam County Prosecutor; FRED DEFRANG, Former Clallam County Undersheriff; RON CAMERON, Sheriff of Clallam County; JUELIE DALZELL, Jefferson County Prosecutor,<br><br>Defendants. | NO. C08-5147 RBL<br><br>ORDER ON MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss. [Dkt. #6] Having reviewed the submissions of the parties and the remainder of the file herein, the Court GRANTS the motion in part, GRANTS Plaintiffs leave to amend their summonses, and DENIES the motion in all other respects.

## II. BACKGROUND

Police began investigating Plaintiff Douglas Baker ("Baker") in June 1986, when he made a $5,000 earnest money payment in cash, and his suspicious realtor told police. *State v. Baker*, Nos. 31134-8-II,

ORDER
Page - 1

1  31724-9-II, 30994-7-II, 2005 WL 1888533, at *1 (Wash. Ct. App. Aug. 9, 2005).  Baker was later
2  identified by several informants as someone who had sold cocaine, and the police briefly surveilled his
3  residence.  *Id*.  Investigation continued off-and-on until January 2000, when the Clallam County Sheriff
4  and the Washington State Patrol applied for and received thirteen search warrants.  *Id*.  These warrants
5  covered Baker's personal and business financial and phone records, and led to the discovery of sufficient
6  evidence to support additional search warrants for Baker's residence.  *Id*. at *5.  Baker was eventually
7  arrested, charged, and convicted of one count of money laundering, one count of manufacturing a
8  controlled substance, marijuana, and fourteen counts of delivering a controlled substance, cocaine.  *Id*. at
9  *6.  However, the Washington Court of Appeals, Division II, found the original warrants invalid, and
10 Baker's convictions were overturned.  *See id*.

11 In January 2004, before the Court of Appeals heard the case, Baker entered into a "Comprehensive
12 Plea Agreement" ("Agreement") with Jefferson County. [Plaintiffs' Response, Dkt. #8] This agreement
13 also included charges against Baker from Clallam and Grays Harbor Counties. [Id.] Under the Agreement,
14 the counties were obligated to sell certain of Baker's properties at fair market value, returning fifteen
15 percent of the proceeds to Baker.[1] [Complaint, Dkt. #1, p. 5] The Agreement also required the counties to
16 return specific items listed in the Agreement to Baker and to allow Baker's wife thirty days from the date
17 of closing to remove certain belongings from the couple's home. [Id.]

18 Plaintiffs complaint was filed on March 12, 2008.  Plaintiffs aver that the Agreement was signed
19 under duress and that the counties breached the Agreement; they also claim that the counties violated their
20 constitutional rights by searching their properties without a valid search warrant. [Id., pp. 5-6] Plaintiffs'
21 complaint contains causes of action for breach of contract, rescission, intentional infliction of emotional
22 distress, and damages under 42 U.S.C. § 1983 ("§ 1983"). [Id., pp. 7-8]

23 Defendants entered their notices of appearance on April 4, 2008.  Before answering the complaint,
24 they moved the Court to dismiss the complaint for lack of subject matter jurisdiction, insufficiency of
25 process, and failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(1), (4), (6).
26 [Motion to Dismiss, Dkt. #6]

27
28
[1] At this stage in the litigation, the Court accepts as true the facts in Plaintiffs' complaint.  *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974-75 (9th Cir. 2008).

ORDER
Page - 2

### III. DISCUSSION

**A.    Subject Matter Jurisdiction**

The Court has original jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over Plaintiffs' related state law claims. *See* 28 U.S.C. § 1331, 1334, 1367; *Dible v. City of Chandler*, 515 F.3d 918, 924 (9th Cir. 2008). However, Defendants argue that Plaintiffs have not fully complied with RCW 4.96; as such, they claim that subject matter jurisdiction is lacking as to (1) all claims brought against the individual defendants and (2) all claims brought by Hard Rock Trucking, Inc. ("Hard Rock"). The Court disagrees.

RCW 4.96.020(4) requires aspiring plaintiffs to file a "notice of claim" sixty days prior to commencing any tort action against a local government entity. *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 350-51, 111 P.3d 1173 (2005). The purpose of the tort claim requirement is to allow "government defendants to investigate claims and settle those claims where possible." *Id*. at 351 (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 317, 53 P.3d 993 (2002). The tort claim requirement now applies to suits against individual government employees, but it does not apply to claims under 42 U.S.C. § 1983 or to actions for breach of contract. *Wright v. Terrell*, 162 Wn.2d 192, 195 n. 1, 170 P.3d 570 (2007) (per curiam) (individuals); *id*. at 196 (§ 1983); *Wilson v. City of Seattle*, 122 Wn.2d 814, 820, 863 P.2d 1336 (1993) (breach of contract).

The parties agree that plaintiffs Douglas and Vernell Baker have complied with the tort claims requirement as to defendants Jefferson County and Clallam County. [See Motion to Dismiss, Dkt. #6, p. 2; Ex. 1 to Mack Declaration, Dkt. #7] However, the Court finds that the Bakers have *not* complied as to the individual defendants and that plaintiff Hard Rock has not complied at all.[2]  Thus, all tort claims brought by Hard Rock or alleged against the individual defendants are dismissed, without prejudice.

**B.    Sufficiency of Process**

Defendants also seek dismissal based on various defects in the summonses. However, a motion to dismiss based on a defective summons should be granted only when the defect is prejudicial to the

---

[2] Plaintiff's argument that Defendants are estopped from raising this defense is without merit. This case is distinguishable from *Dyson v. King County*, 61 Wn. App. 243, 809 P.2d 769 (1991), where the county allowed the suit to proceed for two years before raising the defense. *Id*. at 244. Here, Defendants have raised the issue at the outset of the litigation, before answering the complaint.

ORDER
Page - 3

defendant. 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (3d ed. 2002). The Defendants have not alleged any prejudicial effect, and the Court finds none at this stage in the litigation. Thus, the Court GRANTS Plaintiffs leave to amend and re-serve their summonses.[3] *See* Fed. R. Civ. P. 4(a) (allowing amendment). Defendants' motion to dismiss for insufficiency of process is denied.[4]

**C.   Failure to State a Claim[5]**

Lastly, Defendants move to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). Their first such argument is more accurately characterized as a request for a more definite statement, Fed. R. Civ. P. 12(e). To be sure, Plaintiffs' complaint is poorly drafted,[6] but it is not so "vague or ambiguous" that Defendants "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Defendants also argue that Plaintiffs' breach of contract claims should be dismissed because they are based on a plea agreement and because Baker has failed to exhaust his challenges to that agreement in state court. In support, Defendants cite only inapposite case law dealing with habeas corpus petitions.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release," *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and the federal habeas corpus statute "requires that state prisoners first seek redress in a state forum." *Id*. at 480-81. However, "exhaustion of state remedies is *not* a prerequisite to an action under § 1983[.]" *Id*. at 480 (emphasis in original) (internal quotations omitted). Once a prisoner's conviction or sentence has been reversed on appeal or otherwise invalidated, that prisoner is free to bring suit for damages for the allegedly unconstitutional conviction or imprisonment. *See id*. at 486-87. Because Baker's conviction was reversed on appeal, he was not required to exhaust his state court

---

[3] The Court notes that Plaintiffs may request waiver of service under Fed. R. Civ. P. 4(d) and that absent a showing of good cause, Defendants will be taxed the costs of effecting service if they decline the waiver. *See* Fed. R. Civ. P. 4(d)(2).

[4] In passing, Defendants also assert that Fred DeFrang has not been served at all. [Motion to Dismiss, Dkt. #6, p. 5] A motion to dismiss for insufficiency of service of process, Fed. R. Civ. P. 12(b)(5), is not currently before the Court, and Defendants have submitted no competent evidence to support such a request.

[5] In their reply, Defendants move the Court to "exclude" materials other than the pleadings, at least as those materials pertain to the motion to dismiss for failure to state a claim. [Defendants' Reply, Dkt. #10, pp. 4-5] Plaintiffs' complaint, standing alone, is sufficient to survive the motion to dismiss, and the Court therefore DENIES Defendants' request to exclude as moot.

[6] The complaint on file with the Court also appears to be missing its third page.

ORDER
Page - 4

remedies prior to filing this suit. Plaintiffs complaint raises a right to relief "above the speculative level." *See Bell Atlantic Corp. v. Twombly*, - - - U.S. - - -, 127 S.Ct. 1955, 1968, 167 L.Ed.2d 929 (2007). Defendants' motion to dismiss for failure to state a claim is therefore denied.

## IV.  CONCLUSION

All tort claims brought by Plaintiff Hard Rock Trucking, Inc., are DISMISSED, without prejudice; all tort claims brought against the named individual defendants, John Prentiss, Fred DeFrang, Ron Cameron, and Juelie Dalzell, are also DISMISSED, without prejudice. The Court GRANTS Plaintiffs leave to amend their summonses and to effect service of those amended summonses. Defendants motion to dismiss [Dkt. #6] is otherwise DENIED.

IT IS SO ORDERED.

DATED this 13th day of May, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE